# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3582

_____

United States of America,           *
                                    *
            Appellee,               *    Appeal from the United States
                                    *    District Court for the District
     v.                             *    of Nebraska.
                                    *
Jose Luis Aguirre-Burciaga,         *         [UNPUBLISHED]
also known as Alex,                 *
                                    *
            Appellant.              *

_____

Submitted:  May 14, 2002

Filed:  May 20, 2002

_____

Before McMILLIAN, FAGG, and MELLOY, Circuit Judges.

_____

PER CURIAM.

     After a jury convicted Jose Luis Aguirre-Burciaga of conspiring to distribute and possessing with the intent to distribute methamphetamine, cocaine, and marijuana under 21 U.S.C. §§ 841(a)(1) and 846 (Supp. V 1999), the district court* sentenced him to 235 months in prison.  Aguirre-Burciaga appeals his conviction and sentence.

_____

*The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska.

Aguirre-Burciaga contends the evidence presented at trial was insufficient to convict him. Joseph Godina, a drug dealer turned FBI informant, testified he was present for more than a half dozen transactions when Aguirre-Burciaga sold large quantities of methamphetamine, cocaine, and marijuana (or some combination of them) to Alejandro Tarin, who was Godina's primary supplier. Further, Godina testified he frequently helped Tarin repackage large quantities of drugs for resale and these large quantities were often wrapped in the same packaging as the drugs he saw Aguirre-Burciaga sell to Tarin. Additional witnesses provided further circumstantial evidence of Aguirre-Burciaga's involvement in the drug dealing conspiracy. Aguirre-Burciaga, however, denied any involvement in drug dealing. Having reviewed the evidence de novo in the light most favorable to the government, we conclude the evidence was sufficient to convince a reasonable jury of Aguirre-Burciaga's guilt beyond a reasonable doubt. See United States v. Mora-Higuera, 269 F.3d 905, 910 (8th Cir. 2001).

Aguirre-Burciaga also appeals his sentence, arguing the district court committed clear error when it applied a two-level enhancement under U.S.S.G. § 3C1.1 (2001) after finding Aguirre-Burciaga obstructed justice by perjuring himself at trial. See United States v. Hollingsworth, 257 F.3d 871, 879 (8th Cir. 2001). Under oath, Aguirre-Burciaga denied involvement in any conspiracy to distribute illegal drugs. The jury rejected this argument through its verdict. During sentencing, the court stated Aguirre-Burciaga "clearly lied, in my opinion, and that's why I am going to give him the two points." (Tr. 688). We conclude the court did not commit clear error in applying an obstruction of justice sentencing enhancement under these circumstances.

For the reasons stated above, we affirm Aguirre-Burciaga's conviction and sentence.

A true copy.

Attest:

          CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.